EASTERN DIST.

*December*, 1840.

CLARK ET AL.
*vs.*
MORSE.

---

## CLARK ET AL. *vs.* MORSE.

### APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

An attorney at law is competent to make the affidavit necessary, (in the absence of his client,) on which to obtain an attachment.

This suit commenced by attachment. The plaintiffs being residents of the state of Connecticut, their attorney at law made the necessary affidavit on which the attachment issued,

The defendant's counsel excepted to the sufficiency of the affidavit, and prayed that the attachment be dissolved and dismissed, because the affidavit was made and sworn to by the plaintiffs' attorney at law, who was incompetent under the law to make it.

On this exception there was judgment for the defendant, and the plaintiffs appealed.

*Kennicott*, for the plaintiffs, relied on the act of 20th March, 1839, section 16, " Amending the Code of Practice," which says, " that in all cases when by the provisions of said code, an oath of a party is required, it may (in case of the absence

EASTERN DIST.
December, 1840.
──────────
CLARK ET AL.
vs.
MORSE.

of said party,) be made by his *agent or attorney*, to swear to the best of his knowedge and belief."

*Robinson*, for defendant, insisted that the word "attorney" meant attorney in fact, as well as attorney, and it being doubtful in which sense it was used, a resort to the French text explains it. It is there translated "*chargé de pouvoir*," and "*fondé de pouvoir*," both of them technical phrases of certain and unquestionable meaning.

*Morphy, J.*, delivered the opinion of the court. ·

This action was commenced by attachment. The defendant pleaded in abatement, that the affidavit on which the writ issued, was not sworn to by an authorized agent of the petitioners, who are non-residents. The oath was taken by the attorney of the plaintiffs, under the 16th section of an act of 1839, amending the Code of Practice; it provides, "that in all cases where by any provision of said code an oath of a party is required, it may (in case of the absence of said party,) be made by his agent or attorney, and in such case, it shall be sufficient for the agent or attorney to swear to the best of his knowledge and belief." The judge below thought that the word attorney, used in *this section*, meant *attorney in fact*, and dismissed the petition.

We differ in opinion with our learned brother of the Commercial Court. The word attorney, when not coupled with any qualifying expressions, is ordinarily understood to mean *attorney at law*, and has been, we think, not unfrequently used in that sense in our legislative enactments. Webster's Dictionary informs us that this word "formerly signified any person who did business for another, but that its sense is chiefly or wholly restricted to persons who act as substitutes for the persons concerned in prosecuting and defending, actions before courts of justice, &c." The wording of this amendment, considered in reference to the previous state of our legislation on this subject, can leave little doubt as to the intention of the general assembly. It is a familiar rule of interpretation, that some meaning and effect must be given, if possible, to

*An attorney at law is competent to make the affidavit necessary, (in the absence of his client,) on which to obtain an attachment.*

every expression found in a law. We cannot suppose, that the word attorney, was intended to be used as synonymous to that of agent, such a repitition would have been worse than useless. But when it is considered that, before the passage of this act, *attorneys in fact* were already possessed of the right of taking such oaths, we must believe that the legislature intended, by this amendment, to give this power to attorneys, as well as to other agents, and to authorize the oath in *all cases* to be made to the best of their knowledge and belief. See *Act of* 1826, *sec.* 7; 4 *Martin, N. S.*, 355, *Parham* vs. *Murphee.* Such has been the construction this law has already received from this court, in the case of *Williams* vs. *Brashear, ante,* 77, recently decided in the Western District, and we see no good reason why it should not be adhered to.

It is, therefore, ordered and adjudged, that the judgment of the court below be avoided and reversed; that the exception set up by defendant be overruled, and that this case be remanded to the Commercial Court, there to be proceeded in according to law; the appellee paying the cost of this appeal.