STATE OF MINNESOTA *ex rel*. CHARLES STUART

*vs.*

THOMAS KINSELLA, Assessor.

In February, 1869, the legislature passed an act entitled " An act to incorporate the village of High Forest, in the county of Olmsted, Minnesota. " In addition to incorporating the village, the act provides for dividing the town of High Forest, and organizing a new town. *Held :* That so much of the act as provides for dividing the town of High Forest and organizing a new town, is in conflict with *Sec. 27, of Art. 4, of the Constitution*, and void.

Upon the relation of Charles Stewart an alternative writ of mandamus was issued out of this court directed to Thomas Kinsella, assessor of the town of High Forest, in the county of Olmsted, commanding him forthwith to make assessment of certain real and personal property, claimed to be liable to taxation in said town, or to appear before the court at a time therein stated, and show cause why he refused so to do. Kinsella appeared and answered. The relator now moves for a peremptory writ. The case is fully stated in the opinion of the court.

R. REYNOLDS and O. P. STEARNS for Relator.

C. M. START for Respondent.

*By the Court*—GILFILLAN, Ch. J.—On the 23d day of February, 1869, the legislature passed an act entitled " An

Stuart v. Kinsella.

act to incorporate the village of High Forest, in the county of Olmsted, Minnesota. " It incorporates as a village four sections of land lying in the town of High Forest; it also provides for the division of the town, and the organization as a new town of that part in which said four sections lie; the question of separate township organization to be submitted to the electors of such part. The electors voted in favor of separate organization, and elected township officers. The respondent, who is assessor of the town of High Forest, declines to make assessments in the part of that town so set off for a new town, assuming the legality of the new organization; an alternative writ of mandamus issued, and all the facts being admitted, a peremptory writ, requiring him to make such assessment, is moved for.

On the argument, several questions were raised, but we deem it necessary to consider only one; that question is, whether so much of said act as provides for the division of the town of High Forest, and the organization of a new town, is in conflict with the constitution. *Sec. 27 of Art. 4* of that instrument provides: " No law shall embrace more than one subject, which shall be expressed in its title. "

The exigencies of legislation require that this provision should not be so strictly construed as to cripple the legislature, by prohibiting the insertion into laws of those matters which, though they may not be specifically expressed in the title, are proper to the full accomplishment of the object so expressed ; such is presumed to have been the intention of its authors ; courts, therefore, give it a liberal construction. The insertion in a law of matters which may not be verbally indicated by the title, if suggested by it, or connected with, or proper to the more full accomplishment of the object so indicated, is held to be in accordance with its spirit; but a more liberal construction cannot be given,

vol. xiv.—34

without letting in the evils which the provision was intended to exclude. We think the act in question comes within the letter and spirit of the prohibition. The division of the town of High Forest, and the organization of a new town, are certainly not suggested by the title, "To incorporate the village of High Forest;" nor connected with, nor in any manner tending to the accomplishment of the object expressed in that title. By the terms of the act the subjects are as independent of each other as if provided for in separate acts. The act in question, so far as it assumes to provide for the division of the town of High Forest, and the organization of a new town, is in conflict with the section of the constitution cited, and void.

A peremptory writ must issue.