## No. 376.

### JOHN H. WISNER'S CURATOR *v.* THE MAYOR AND CITY COUNCIL OF MONROE.

*A political corporation can not make a contract in violation of the law of its incorporation. Under a title purporting to amend only the first section of a statute, it is not competent to amend other sections of said act. Such amendments not being covered by the title, are null and void, because made in violation of article 114 of the constitution.*

APPEAL from the Fourteenth Judicial District Court, parish of Ouachita. *Ray*, J. *Morrison & Farmer*, for plaintiff and appellant. *R. G. Cobb*, for defendant and appellee.

WYLY, J. The plaintiff alleges that in 1868 the defendants employed John H. Wisner, then sheriff of the parish of Ouachita, to execute all the duties which it was previously the duty of the town constable to perform, and they fixed his salary at one thousand dollars per annum; that this contract or ordinance was adopted by the defendants pursuant to section 4 of act 94 of the acts of 1868, amending act 76 of the acts of 1866; also that they employed him by an ordinance to take care of a fire engine, at a salary of one hundred and fifty dollars per annum; that on these two contracts the defendants owe a balance of five hundred and seventy-five dollars, for which judgment is prayed.

The court rejected the demand of the plaintiff, and he has appealed.

There is no controversy as to the existence of these contracts and as to the performance of the services; but the question is, had the defendants authority thus to contract?

The act of 1866 provides for the election of a town constable, whose term of office shall be for two years; that in case of resignation or death, the vacancy to be filled by election, after ten days' notice; that in case of sickness, a constable *pro tem.* to be appointed; and that the duties of this officer, among others, shall be, to "execute all summons, orders, warrants, judgments, and decree of the justice of the peace of the town."

In 1868 the statute was amended, the office of town constable was abolished, and the duties thereof were directed to be performed by the constable of the ward in which Monroe is situated, or by the sheriff and his deputies. It appears, however, that this part of the act is violative of article 114 of the Constitution—it is not covered by the title, and it is void.

The title of the act of 1868 is "an act to amend the first section of an act to incorporate the town of Monroe, in the parish of Ouachita, and to provide for the government of the same, approved eighth of March, 1866." The first section of the act to be amended relates only to the geographical limits of the town. Under the title, therefore, purporting to amend only the first section of the statute of 1866, it was not competent to amend other sections of said act, to abolish the office of town constable and transfer the duties thereof to the sheriff and his deputies. Without this provision of the act of 1868, the defendants could not employ John H. Wisner, because the act of 1866 remained in full force, designating the duties in question to be performed by the town constable.

A political corporation can not make a contract in violation of the law of their incorporation.

There are other questions, but they are not of a serious character. Judgment affirmed.