[No. 1230.]

E. D. TURNER, APPELLANT, *v.* G. H. FISH, RESPONDENT.

COUNTY OFFICERS—SALARY ACT—REPEAL OF.—The salary act of 1879 was repealed by the first section of the act of 1883. (Stat. 1883, 78.)

IDEM—PART OF A STATUTE UNCONSTITUTIONAL—EFFECT.—Sections 1 and 3 of the act of 1883 are valid, notwithstanding the invalidity of section 2, which is entirely independent of, and disconnected with, the other sections.

APPEAL from the District Court of the Sixth Judicial District, Lincoln County.

The facts are stated in the opinion.

*Trenmor Coffin* and *Geo. S. Sawyer*, for Appellant:

*W. H. Davenport*, Attorney General, and *H. F. Bartine*, for Respondent:

By the Court, HAWLEY, J.:

Appellant is the sheriff of Lincoln County. He claims that the " act fixing the salaries of the various county officers in the several counties of this state " (Stat. 1879, 133) has never been repealed or superseded by any valid law; and that under the provisions of section 9 of said act he is entitled to a salary of two hundred and fifty dollars per month. He applied to the district court for a writ of *mandamus* to compel the county auditor to issue a warrant for said monthly salary. The district court denied the writ.

The salary act of 1879 and all other acts amendatory thereof and supplementary thereto were repealed by the provisions of

section 1 of the "act to repeal the 'act fixing the salaries of the various county officers of this state,'" approved March 1, 1883. (Stat. 1883, 78.) The third section provides when the act should take effect. The second section reads as follows: "Nothing contained in this act shall be of effect in any county having at the time of the approval of this act a duly chartered city government." Conceding that this section is unconstitutional for the reason that the exception stated is not based upon any reasonable classification (*State* v. *Boyd, ante,* 43), it does not necessarily follow that the other sections of the act are void. It is manifest, upon an examination of this statute that the legislature intended to repeal the salary act of 1879 in every county except Ormsby, as that was the only county in the state having, at the time mentioned, "a duly chartered city government." If the exception sought to be made by section 2 is unconstitutional, the effect would be to make this section invalid, and no county in the state would be excepted from the provisions of section 1.

The provisions of section 1 and 2 are not so mutually connected with and dependent on each other, as conditions or compensations for each other, as to warrant the belief that the legislature intended them as a whole. It must therefore be presumed that the legislature intended, notwithstanding the invalidity of section 2, that section 1 should stand. As section 2 is entirely independent of and disconnected from the other sections, its unconstitutionality does not affect the other portions of the act, which are constitutional of themselves, and capable of being enforced without reference to the provisions of section 2. Sections 1 and 3 of the repeating act of 1883 must therefore be sustained. (*State* v. *Eastabrook,* 3 Nev. 180; *Evans* v. *Job,* 8 Nev. 322; *State* v. *Swift,* 11 Nev. 147.[1])

This disposes of the case, and renders it unnecessary to consider the objections urged against the provisions of section 7 of the "act regulating the compensations of county officers in the several counties of this state." (Stat. 1885, 87.) There is no existing statute that entitles appellant to the salary claimed in his petition.

The order of the district court in denying the writ of *mandamus* is affirmed.