[No. 1352.]

## THE STATE OF NEVADA ex rel. L. F. DUNN, Relator, *v.* THE BOARD OF COMMISSIONERS OF HUMBOLDT COUNTY, Respondent.

Constitutional Law—Presumptions Favor Constitutionality of Laws.—All presumptions are in favor of the validity of an act of the legislature. The courts will only declare them unconstitutional in cases of clear and unquestioned violation of the fundamental law.

Idem—Scope of Title of an Act.—An act does not embrace more than one subject, because while fixing the salaries and compensation of the officers of a county, it also provides for the consolidation of the offices of superintendent of schools and district attorney, and provides that the latter officer shall, for the salary provided, also discharge the duties formerly appertaining to the superintendent's office.

Idem—Title and Subject Matter of Act.—The act of March 9, 1891 (Stats. 1891, 30), embraces but one subject and matter properly connected therewith.

Idem—Complete Portions of Act—Extent of Consideration by Court.—Where a portion of a statute is complete in itself and capable of being executed wholly independent of that which may be rejected, and there is no reason to suppose that the legislature would not have passed the act except as a whole. *Held,* that the courts will affirm the validity of such independent part, without considering whether the other is or is not unconstitutional.

(Syllabus by Bigelow, J.)

Original application for a writ of mandamus requiring the board of commissioners of Humboldt county to allow the relator's salary as clerk at the rate of two hundred dollars per

month. The board refused to act upon the claim for the reason that the law of March 9, 1891, had taken all jurisdiction in the matter away from them, and had provided that his salary should be paid by a warrant drawn by the auditor upon the salary fund for only the sum of one hundred dollars per month.

*M. S. Bonnifield* and *J. A. Plummer*, for Relator.

I. The act of the legislature, approved March 9, 1891, is unconstitutional and void in that both the act and the title embrace more than one subject, to-wit: The subject of salaries and the subject of consolidating offices, and is therefore in contravention of section 17, article 4 of the constitution of Nevada.

II. Where the title of the act actually indicates and the act actually embraces two distinct subjects, the whole act is void. (Cooley's Const. Lim. 6th ed. 178.)

III. Mandamus is the proper remedy to enforce the payment of an official salary where the amount is fixed. (14 Am. & Eng. Ency. of Law 180; *People* v. *Supervisors*, 32 N.Y. 473; *Thurston* v. *Elmira Auditors*, 82 N.Y. 80.)

*E. S. Farrington, Amicus Curiæ.*

I. The law of 1891 restores to Humboldt county the uniform system of county government established by the laws of 1866 and 1887. The law of 1889 was manifestly unconstitutional.

II. The act of 1891 and its title embrace but one subject, to-wit.: the fixing of salaries and compensation of the officers of Humboldt county.

By the Court, Bigelow, J.:

The relator, as clerk of Humboldt county, was, prior to 1892, entitled to a salary of two thousand four hundred dollars per annum, to be allowed by the board of commissioners of that county. This was, however, by the act of March 9, 1891 (Stat. 1891, p. 30), reduced to one thousand two hundred dollars per annum, to be paid by a warrant drawn by the auditor upon the salary fund. He claims that this act is unconstitutional, and this is the question involved in this action.

1. The first ground upon which this claim is made is that both the act and its title embrace more than one subject, to-wit:

the subject of salaries and the subject of consolidating offices. The title of the act is " An act fixing the salaries and compensation of the officers of Humboldt county and consolidating certain offices in said county, and to repeal all acts in relation thereto." Section 1 fixes the salary of the sheriff of that county; sections 2 and 3, the salaries of other officers; and in section 2 it is further provided that the district attorney shall act as *ex-officio* superintendent of schools. Section 4 provides that the office of superintendent shall be consolidated with the office of district attorney.

Section 17, art. 4 of the constitution directs that " each law enacted by the legislature shall embrace but one subject, and matter properly connected therewith, which subject shall be briefly expressed in the title." As frequently stated by the courts, the object of this provision was twofold: *First*, to prevent the uniting in one act of several independent and disconnected matters, good, bad and indifferent, many of which could not be carried upon their own merits, but by uniting them together in the same bill, thereby obtaining the support of all interested in each measure, enough strength could be mustered to push it through; *secondly*, to prevent fraud and surprise upon both the members of the legislature and the people, as under the old system it was often found that some of the most vicious acts had been smuggled through the legislature under innocent titles that gave no hint of their real nature, and of which all except those directly interested were ignorant. (*State* v. *Silver*, 9 Nev. 227; *School Dist.* v. *Hall*, 113 U. S. 135.)

The evil can be well understood from what is said in *Yeager* v. *Weaver*, 64 Pa. St. 425, where Sharswood, J., speaking for the court, used this language: " The people did not mean by. the amendment of 1864 to require that the title should be a full index to all the contents of the law, but by declaring that each bill shall be confined to one subject, which shall be clearly expressed in the title, to prohibit the vicious practice of rolling together what were termed ' Omnibus Bills,' including sometimes more than a hundred sections on entirely different subjects, with the title of the enactment of the first section, ' and for other purposes.' "

This, then, being the mischief against which this clause of the constitution is directed, it should be so construed as to correct the evil, but at the same time not to needlessly thwart

honest efforts at legislation. There is scarcely any subject of legislation that cannot be divided and subdivided into various heads, each of which might be made the basis of a separate act, and in which the connection between them may be made a matter of controversy. The reports show that seldom, indeed, has the validity of a law come seriously in question without its being claimed that it was in conflict with this clause of the constitution. This shows how necessary it is to adopt liberal rules of construction in order to sustain laws not coming within the spirit and meaning of the constitutional prohibition. If the provisions of a statute all relate, directly or indirectly, to the same subject, have a natural connection, and are not foreign to the subject expressed in the title, it is permissible to unite them in the same act. (*Iron Works* v. *Brown*, 13 Bush. 685; *Philips* v. *Bridge Co.*, 2 Metc (Ky.) 222.) In *State* v. *Kinsella*, 14 Minn. 524, it is said: "The insertion in a law of matters which may not be verbally indicated by the title, if suggested by it, or connected with, or proper to the more full accomplishment of the object so indicated, is held to be in accordance with its spirit."

All presumptions are in favor of the constitutionality of a statute, and it will be held valid until the mind of the court is clearly convinced to the contrary. (*Evans* v. *Job*, 8 Nev. 322; *Railroad Co.* v. *Morris*, 65 Ala. 193. In cases of doubt, every possible presumption and intendment will be made in favor of the constitutionality of the act in question. The courts will only interfere in cases of clear and unquestioned violation of the fundamental law. (*State* v. *Irwin*, 5 Nev. 120; *People* v. *Parks*, 58 Cal. 635.) The objections should be grave, and the conflict between the constitution and statute palpable, before the judiciary should disregard a legislative enactment upon the sole ground that it embraces more than one object. (*Montclair* v. *Ramsdell*, 107 U. S. 155, Suth. Stat. Const. Sec. 82.) It is only the subject of the act which must be stated in the title; matters properly connected with that subject need not be mentioned. (*Humboldt Co.* v. *Churchill Co.*, 6 Nev. 30.) If they are mentioned it simply makes the title unnecessary prolix, but does not constitute the connected matter a separate subject nor otherwise invalidate the law. (*Plummer* v. *People*, 74 Ill. 361; *Hronek* v. *People*, 134 Ill. 139.)

From an examination of the act in question and comparing it

with the law previously in force, it is clear that the general purpose of the legislature in enacting it was to make a reduction in the expenses of Humboldt county. The method adopted for doing this was to fix the salaries and compensation of the officers of the county at a lower figure than they had previously been. Therefore, salaries and compensation of the officers became the immediate subject of this act. The superintendent of schools was one of the officers of the county; as such it was necessary to fix his salary or to say that he should not have a salary, or else leave the act unfinished and incomplete. It is obviously also a matter properly connected with the fixing of salaries and compensation to say for what that compensation shall be had. Therefore, as it was intended that, for the compensation granted, additional duties should be required from the district attorney, this was the proper place to so state, and to define what those additional duties were to be. It would seem that connection between the subject matter of the act—the regulation of the salaries and compensation of officers—and the consolidation of the duties of the two officers mentioned, is so clear as to be unmistakable. This much, at least, is certain: they are not separate and distinct and independent propositions, having no connection with each other, which have been thrown together in the same bill, and therefor the act does not come within the mischief against which the constitutional provision is directed. Even if the connection is not so clear as we consider it, there can be no question that the departure is not so plain and manifest as to justify us in holding that the law is unconstitutional, as covering two subjects. The consolidation of the offices being matter properly connected with the subject of the act, as already stated, its being enumerated in the title is mere surplusage and does no injury. (*State* v. *Atherton*, 19 Nev. 332; see also *Esser* v. *Spaulding*, 17 Nev. 289; *State* v. *Ah Sam*, 15 Nev. 27; *Klein* v. *Kinkead*, 16 Nev. 194.)

2. It is also claimed that the act is in conflict with section 25 of article 4 of the constitution, because it destroys the uniform system of county government therein required to be established, but we deem it unnecessary to consider this point. The question involved in this case is the validity of that part of the act of 1891 which fixes the salary of the clerk of Humboldt county. The part which it is claimed is unconstitutional, upon this ground, is that which consolidates the offices of superintendent

of schools and district attorney. Conceding it to be so, and striking it out as null and void, that which remains is still an act complete in itself, and capable of being executed in accordance with the apparent legislative intent, wholly independent of that which is rejected. Being so distinct and separate, there is no reason to suppose the legislature would not have passed the one without the other. Certainly, the clerk's salary should not have been reduced unless the legislature believed that it was proper and just, under all the circumstances surrounding his office, to pay him a smaller compensation; and the determination of this question does not depend in the slightest degree upon whether it is also proper to consolidate the two offices mentioned, and we cannot presume that one measure in any manner influenced that body in its action concerning the other.

We find the principles that should govern this question stated in Cooley's Constitutional Limitations as follows: "Where a part of a statute is unconstitutional, that fact does not authorize the courts to declare the remainder void also, unless all the provisions are connected in subject matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last fall." (Page 177. *State* v. *Estabrook,* 3 Nev. 173; *Turner* v. *Fish,* 19 Nev. 295.)

It does not follow because the legislature does not have the power to legislate concerning a particular matter, which otherwise would be properly connected with the subject matter of an act, that the act embraces two subjects, or that the whole act is void. The same rules apply that apply in any other case where a part of an act is invalid.

Our conclusion is that the act in question embraces but one subject and matter properly connected therewith, and admitting, without at all deciding, that the connected matter is in conflict with another part of the constitution, this does not affect the validity of the part fixing the relator's salary.

Mandamus denied.