[No. 4697.]

THE BOARD OF COUNTY COMMISSIONERS OF EL PASO COUNTY v. THE BOARD OF COUNTY COMMISSIONERS OF TELLER COUNTY.

1. **Constitutional Law—Title of Act—New Counties.**

The title of the act to establish the county of Teller (Session Laws 1899, page 359) is sufficient to include within its subject the provision of the act for the division between the two counties of the fund in the treasury of El Paso county or thereafter to be received from certain designated sources, notwithstanding such division was not specifically mentioned in the title.

2. **Constitutional Law—Title of Act.**

The constitutional provision which requires the subject of an act to be clearly expressed in its title does not require the title to express the details of the provisions of the act, and the fact that the title does express some of the details which were not required to be expressed does not limit the act to such provisions and exclude all other provisions not so expressed when it does not appear from the title that it was intended to be so limited.

3. **Same.**

The mandate of the constitution is observed if the legislation in the body of a statute is germane to the general subject expressed in the title of the act, and the test in this respect is whether such legislation is relevant or appropriate to such subject.

*Appeal from the District Court of El Paso County.*

The Twelfth General Assembly passed an act

entitled:  "An act to establish the county of Teller, and the temporary county seat thereof, providing for the appointment of its precinct and county officers, fixing the terms of court therein, and attaching the same to certain congressional, senatorial, representative, judicial and normal districts."—Laws 1899, p. 359.  Part of the territory embraced in the new county was carved out of the county of El Paso.  By section 9 of the act, it was provided that all moneys then in the treasury of the county of El Paso, or thereafter received by that office, from designated sources, should be ratably divided between the two counties, according to a proportion, to be ascertained in the manner fixed by the act itself.

By section 10 of the act, it was provided that the respective boards of the counties should have full power and authority to adjust and settle all matters of revenue contemplated by section 9.  Pursuant to these provisions, the respective boards met and determined upon the proportion each county was entitled to out of the funds collected or to be collected, which were the subject of division between the two counties.  Thereafter the funds were so divided, except that the county of El Paso refused to turn over to the county of Teller the proportion of the court-house and poorhouse funds which the county of Teller claims to be entitled to by reason of the provisions of section 9, and the division of funds agreed upon by the respective boards.

Action was brought by the county of Teller against the county of El Paso to recover the amount of the alleged share of the former in the two funds mentioned.  Judgment was rendered for the county of Teller in the sum of $14,764.98.  From this judgment the county of El Paso appeals.  The only question argued by counsel for appellant is, that the sections of the act mentioned are unconstitutional.

Mr. ROBERT KERR and Mr. R. L. CHAMBERS, for appellant.

Mr. SCOTT ASHTON, for appellee.

CHIEF JUSTICE GABBERT delivered the opinion of the court.

As we understand the argument of counsel for appellant, they rely on one of two propositions, namely: Either that the title of the act is so restricted, because of its details, that provision for the division of funds between the counties is inhibited because not mentioned in the title, or that the legislation on this subject, as found in the act, is invalid because our constitution, section 21, article V, directs that "No bill   *   *   *   shall be passed containing more than one subject, which shall be clearly expressed in its title   *   *   *"

The main purpose of the act, as disclosed by its title, is to establish the county of Teller. Other minor subjects necessary to effect that end are named, but there is no indication from the title, either expressly or by necessary implication, that these minor subjects are the only ones to be legislated upon in the creation of the county. The question under consideration has practically been determined in the case of *Frost v. Pfeiffer*, 26 Colo. 338, where we held, substantially, that the subject of the act was to establish the county of Teller, and the fact that the title specified certain necessary incidents to effect that end did not limit the act to such matters, and exclude others necessary to its general purpose, when it did not appear from the title, either expressly or by necessary implication, that the incidental provisions named were the only ones to be legislated upon in order to effect the one object of the bill, as disclosed by its title.

The constitutional inhibition invoked only re-

quires that the title to an act clearly express its subject, and not its provisions or the details by which its object is to be accomplished.—*People ex rel. Crowell v. Lawrence,* 41 N. Y. 137. Its mandate is observed if the legislation in the body of a statute is germane to the general subject expressed in the title of the act in which it appears. The test in this respect is, whether such legislation is relevant or appropriate to such subject.—*In re Breene,* 14 Colo. 401; *In re Pratt,* 19 Colo. 138; *Edwards v. R. R. Co.,* 13 Colo. 59; *Mollie Gibson C. M. & M. Co. v. Sharp,* 23 Colo. 259.

The subject, as well as the purpose of the act, was to establish the county of Teller. In legislating to that end, it was appropriate and relevant to provide for an adjustment of the revenues and the division of the funds between that county and the county of El Paso, from which the county of Teller was in part created, and therefore legislation for that purpose is germane to the subject of the act as expressed in its title. .

The judgment of the district court is affirmed.

*Affirmed.*

Steele, J., not sitting.