[No. 6469.]

## THE PEOPLE EX REL. v. NORTON.

**Contempt**—One who holds himself out as an attorney, never having been admitted to practice, is guilty of contempt.

*Original Information.*

Mr. ARCHIBALD A. LEE, for petitioner.

Mr. JOHN T. NORTON, *pro se.*

Opinion *per Curiam:*

The information charges that, notwithstanding the respondent has no license or authority to practice law in this state, he has been advertising, representing and holding himself out as an attorney, contrary to the provisions of the statutes of this state, and particularly an act approved April 10, 1905, and found on page 157 of the Session Laws of 1905, and prays that the respondent be cited to appear and show cause why he should not be punished for contempt of this court. The answer was filed April 17, 1908, and on May 4, 1908, the petitioner moved for judgment upon the pleadings.

The answer admits the general charge, but denies one or more of the specifications contained therein, and sets up by way of mitigation that the respondent was regularly admitted to practice in the states of New York and Wyoming, and that he came

to Colorado in the year 1905, and that in the fall of that year he entered into a copartnership with A. H. Wycoff in the collection business, intending later to make application for admission to the Colorado Bar; that in March, 1906, he made application for admission to the bar, and filed with the committee of law examiners his verified application and with it recommendations and testimonials required by the rules of this court; that his application and the papers filed therewith have been returned to him and were not acted upon by the said committee; that he practiced law for the period of fourteen years in the state of Wyoming; that his partnership with A. H. Wycoff was soon dissolved, and that respondent thereupon engaged in the real estate and brokerage business, and has since and up to the present time devoted his time and energy to that business. He further states that at the time of the alleged offenses mentioned in the information, he was not familiar with the statutes of this state and had no knowledge of the statute which he is charged with having violated; and he avers that he has been acting in good faith, believing that he had a lawful right to do that which he admits he has done.

The affidavits and exhibits filed with the information show that the firm of Wycoff & Norton published a card announcing themselves as attorneys at law, with offices at 433 Cooper building in Denver, and that, as late as July, 1907, the respondent displayed a sign near his office door bearing his name and occupation, as follows: "J. T. Norton, Lawyer." So that for more than a year after he applied for admission to the bar he advertised himself as a lawyer. The respondent does not state when his application was returned to him by the committee of law examiners, nor does he state when the partnership of Wycoff & Norton was dissolved. This information

was important as bearing upon the good faith of the respondent.  It is charged in the information that the respondent caused his name to be inserted in large type in the Denver directory, giving his occupation as that of a lawyer.  If this advertisement was inserted by the respondent while his application was pending before the committee, it would mean one thing; if inserted after his application was rejected, it means quite another thing.  Again, although the respondent states that he has removed the sign from his office door, he does not state whether he has or has not discontinued his advertisement in the directory for the year 1908.  These proceedings were begun early in the year 1908; early enough, probably, to have enabled him to discontinue his advertisement. If he had discontinued it, he would probably have mentioned the fact in his answer as evidence of his good faith.  We regard the answer as disingenuous and as stating no fact which mitigates the offense.

The motion for judgment on the pleadings is sustained, and the respondent is fined the sum of one hundred dollars, and it is ordered that he stand committed until the fine is paid.

Decision *en banc.*  Mr. JUSTICE CAMPBELL not participating.