No. 9452.

THE PEOPLE, EX REL. *v.* HUMBERT.

Decided May 20, 1920.   Rehearing denied December 6, 1920.

Disbarment proceedings.   Petition granted.

1. ATTORNEY AND CLIENT—*Disbarment.*   An attorney who received money for his client, retaining it for about 18 months while denying that he had it, and who made false statements under oath in an investigation concerning the matter, was disbarred.

Mr. BENJAMIN GRIFFITH, Mr. JOSEPH D. PENDER, for relator.

Mr. VICTOR E. KEYES, attorney general, Mr. THOMAS WARD, JR., for respondent.

*En banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THIS is a proceeding for disbarment for unprofessional conduct consisting of misrepresentation to a client and withholding her money while saying he had not yet received it.

One Mrs. Lipperd employed respondent as her attorney to look after certain matters in the United States Land Office in Durango and in the General Land Office at Washington.   During his employment she became entitled to receive certain sums from the Government.   These moneys were forwarded to her in two drafts or warrants, payable to her at sight, drawn on the U. S. Treasurer; one dated July 14, 1916, for $94.22 and the other dated August 8, 1916, for $160.00.   She took each warrant, shortly after she received it, to respondent, indorsed it and left it with him.   He cashed them both.   He kept no account of the money, except a pencil memorandum which is not in the record, and gave her no receipt.

In January, 1918, she employed Mr. J. A. Pulliam, attorney, of Durango, who wrote to the General Land Office,

learned of the cashing of the warrants and informed her of that fact by letter, advising her to see respondent, let him know she knew he had received the money and demand it again. February 9th, 1918, on her demand, he paid her $100 and shortly afterward paid her the balance in full.

The above facts are undisputed.

Mrs. Lipperd testifies that respondent told her the warrants would have to be sent to Washington and checks or drafts issued in lieu thereof, and that she gave them to him for that purpose, and that from that time till the day he paid her the $100, (about eighteen months), he continually informed her he had not heard from them and had not received the money.

The respondent claims that the warrants were given to him by Mrs. Lipperd to be cashed and the proceeds kept by him subject to her order, so that she might have the money ready when she should need it to pay the Government for some land which she had entered; that he kept it subject to her order and that she could have had it at any time; that she hoped to loan it but did not. He denies that she ever asked him for it until the day he paid the $100.

Mrs. Lipperd denies these matters and says she at all times wanted to lend the money to her brother and no one else.

The evidence for the people, if true, shows respondent guilty of unprofessional conduct in two respects: 1. He falsely represented that the warrants would have to be sent to Washington and exchanged for other paper before the cash could be obtained. 2. He retained the money after he got it and falsely represented to her that he did not have it. The first rests only on the statement of Mrs. Lipperd and he denies it positively. His conduct and hers is consistent with either, so we must say that it is not clearly and satisfactorily proved. In the second, however, she has strong corroboration both by witnesses and undisputed circumstances.

It is unnecessary to review the evidence in detail. It is enough to say that Mrs. Lipperd's knowledge that respond-

ent had the money in trust for her is essential to his defence, and that we regard her conduct in employing and paying Pulliam, taken with the rest of the evidence, as such strong corroboration of her denial of knowledge that we cannot doubt her truth, and as sufficient to overcome the evidence on his behalf.

The conclusion seems unavoidable that respondent received the money and held it eighteen months while denying to his client that he had it. This constitutes unfaithfulness to his client, which is conduct unbecoming an attorney. It follows, also, that his statements, under oath, in this proceeding have been false. His name, therefore, must be stricken from the roll of attorneys.