[No. 2542]

THE STATE OF NEVADA, EX REL. NICK ABEL-
MAN, RELATOR, *v.* W. J. DOUGLASS, HENRY
SCHMIDT, C. F. WITTENBERG, FRANK T.
DUNN, AND W. H. THOMAS, AS MEMBERS OF
THE COUNTY LICENSE BOARD, COUNTY OF NYE,
STATE OF NEVADA, RESPONDENTS.

[208 Pac. 422]

1. MANDAMUS—OBJECTIONS TO VALIDITY OF STATUTE RAISED, BUT
   NOT DISCUSSED BY COUNSEL, CONSIDERED WAIVED.
   In original mandamus proceeding in the supreme court
   involving the validity of a statute, objections to the statute
   raised, but not discussed by counsel, must be considered
   waived.

2. STATUTES—VALIDITY OF PORTIONS OF STATUTE RELATING TO
   SUBJECT-MATTER EMBRACED IN TITLE HELD NOT AFFECTED BY
   INVALIDITY OF OTHER PORTIONS.
   Validity of act of 1921 (Stats. 1921, c. 120), in so far as it
   provides for issuance of licenses for different kinds of business
   conducted in unincorporated cities and towns, *held* not
   affected by provision of the act designating territory outside
   of incorporated and unincorporated cities and towns as
   against contention that the provision as to such territory is
   violative of Const. art. 4, sec. 17, requiring the subject of
   an act to be expressed in the title, because the title of the
   act referred merely to "unincorporated cities and towns of the
   state," since even if the provisions as to such territory are
   void because the subject-matter is not embraced within the
   title, the invalidity thereof does not affect portions relating to
   unincorporated cities and towns; the valid portions being
   severable from the invalid portion.

3. STATUTES—STATUTE MAY BE VALID AS TO ONE PORTION, NOT-
   WITHSTANDING INVALIDITY OF OTHER PORTION SEVERABLE FROM
   THE VALID PORTION.
   A statute may be constitutional in part and unconstitutional
   in part, and if the valid portion is severable from that which
   is invalid it may stand.

4. STATUTES—PART OF STATUTE EXPRESSED IN TITLE VALID, WHILE
   PARTS NOT SO INDICATED ARE VOID.
   If a statute is broader than its title, the part expressed
   in the title is valid, while the parts not indicated thereby
   are void.

ORIGINAL PROCEEDING in mandamus by the State of
Nevada, on the relation of Nick Abelman against W. J.
Douglass, and others, as members of the County License

Board of Nye County, State of Nevada. **Judgment for relator.**

*Hugh Henry Brown* and *Walter Rowson*, for Relator:

There is neither violation of nor conflict with the constitutional provision regarding the title of statutes. Const. Nevada, art. 4, sec. 7.

For all practical purposes, the statute in question is clear in its application to businesses established and maintained in unincorporated towns and cities. "The intention of the legislature, when not in conflict with the constitution, is to govern in the construction of statutes." State v. Boerlin, 38 Nev. 39. "A construction or application should be avoided which sacrifices substance to mere matter of form." Ferro v. Bargo M. Co., 37 Nev. 139; Brown v. Davis, 1 Nev. 409; Maynard v. Johnson, 2 Nev. 25; Sawyer v. Dooley, 21 Nev. 390; Roney v. Buckland, 4 Nev. 45; Gibson v. Mason, 5 Nev. 283; Odd Fellows Bank v. Quillen, 11 Nev. 109; State v. Ross, 20 Nev. 61; State v. Dayton, 10 Nev. 155.

Words in the body of the act should be interpreted in their relation to the title, as well as in their relation to the context. "The title of a statute may be considered for the purpose of construction." Torreyson v. Board, 7 Nev. 19; Sutherland, Stat. Constr. 278, 288; Sweeney v. Karsky, 25 Nev. 197; Ex Parte Siebenhauer, 14 Nev. 365.

The title of an act should be liberally construed to sustain legislation. Sutherland, Stat. Constr. 96, 101.

In any event, the statute is good in part and applicable to the case at bar. "Statutes may be void in part and not void in toto. If a statute is broader than its title, the part within the title can stand, while the parts not indicated thereby must be denied effect." Bobel v. People, 64 Am. St. 77.

*L. B. Fowler*, Attorney-General, *Robert Richards*, Deputy Attorney-General, and *Frank T. Dunn*, District Attorney, for Respondents:

The title of the act indicates legislation for unincorporated cities and towns, while the body of the act seeks to legislate for all territory outside of incorporated cities and towns. The conflict between the body of the act and the title of the act is such that it cannot be judicially changed, the only remedy being in the legislature. Respondents have the legal right to raise the defense that the statute involved is unconstitutional. Hindman v. Boyd, 42 Wash. 17; State v. Candland, 36 Utah, 406; 12 C. J. 765, notes 90, 92.

By the Court, DUCKER, J.:

In 1921 the legislature passed an act entitled:

"An act to create a county license board, to regulate the issuance and revocation of licenses for billiard halls, dancing halls, bowling alleys, theaters, and soft-drink establishments in unincorporated cities and towns of this state." Stats. 1921, c. 120.

In the body of the act it is provided that—

Any person wishing to engage in any business mentioned in the title, "outside of an incorporated city or town, shall first make application, by petition to the license board, as provided in section 2 of this act, of the county in which he proposes to engage in any such business for a county license of the kind desired, and file the same, with the required license fee, with the county license collector, who shall present the same to said license board at its next regular meeting, and said board may refer the petition to the sheriff, who shall report upon the same at the following regular meeting of the board, which board shall then and there grant or refuse the license prayed for; *provided,* that the sheriff may, in his discretion, grant a temporary permit to such applicant, valid only until the next regular meeting of said board.

"SEC. 2. The board of county commissioners, the sheriff, and the district attorney of the county shall constitute such license board in the respective counties of this state.

"SEC. 3. Such board is hereby authorized, empowered, and commissioned to act, for the purposes of this act (without  *  *  *  compensation) as a license board to grant or refuse licenses upon the businesses herein mentioned, and to revoke the same whenever there is, in the judgment of the board, sufficient reason for such revocation. A majority vote of the license board shall govern the granting or refusing of any such license, or the revocation of the same."

The relator petitioned the license board of the county of Nye for a county license to engage in the business of conducting a soft-drink establishment in the town of Tonopah, an unincorporated town, situated in said county, and filed his petition, together with the required license fee of $75, with the duly authorized license collector of said county. The license collector presented the petition to the board, which refused to take any action either granting or refusing a license to relator, and still retains the amount of the license fee in the sum of $75. In response to relator's request and demand for a license, he was informed by the board that it would take no action, either granting or refusing him a license, unless the court should compel such action.

The relator brings mandamus in this court to compel the said board to issue him a license to conduct the business mentioned in his petition. An alternative writ was issued out of this court, to which respondents answered, alleging with other matters, that the act of 1921 is in direct conflict with certain portions of two former acts of the legislature. It is also alleged in the answer that the board has no power or authority to act as a county license board, for the reason that said act of 1921 is in direct violation of and in conflict with section 17 of article 4 of the constitution of the State of Nevada; and that said act is unconstitutional for the reason that the body of the act is broader than the title of the act, in that the title of the act provides for the regulation, issuance, and revocation of licenses for certain businesses in unincorporated cities and towns of the State

of Nevada, while the body of the act provides for the regulation, issuance, and revocation of licenses for certain businesses outside of an incorporated city or town.

1.　The first two objections as to the conflict of the act with other acts of the legislature were not discussed by counsel for respondent, and consequently must be considered waived.

That part of section 17 of article 4 of the constitution of the State of Nevada which it is claimed the act offends provides:

"Each law enacted by the legislature shall embrace but one subject, and matters properly connected therewith, which subject shall be briefly expressed in the title."

2.　Although the act provides for the issuance of licenses for different kinds of business conducted in different localities, namely, in unincorporated cities and towns and other places outside of an incorporated city and town, there is but one subject in the act, and that is the subject of licenses. Consequently the act cannot be declared invalid as embracing more than one subject, contrary to the express inhibition of the constitution. It is true that this subject is restricted in the title to unincorporated cities and towns, and to this extent the body of the act is broader than the title. Nevertheless, it cannot be said that the subject is not briefly expressed in the title.

3.　It is a firmly established principle of law that a statute may be constitutional in part and unconstitutional in part, and, if the valid portion is severable from that which is invalid, it may stand. The rule stated has been given effect by the decisions of this court. State v. Eastabrook, 3 Nev. 180; Turner v. Fish, 19 Nev. 295, 9 Pac. 884; State v. Commissioners of Humboldt County, 21 Nev. 235, 29 Pac. 974. In the last case cited the court quotes approvingly from Cooley's Constitutional Limitations, p. 177:

"Where a part of the statute is unconstitutional, that fact does not authorize the courts to declare the remain-

der void also, unless all the provisions are connected in subject-matter, depending on each other, operating together for the same purpose, or otherwise so connected together in meaning that it cannot be presumed the legislature would have passed the one without the other. The constitutional and unconstitutional provisions may even be contained in the same section, and yet be perfectly distinct and separable, so that the first may stand, though the last fall."

In the State of Indiana an act was passed entitled:

"An act to amend the first section of an act entitled 'An act concerning licenses to vend foreign merchandise, to exhibit any caravan, menageries, circus, rope and wire dancing, puppet show, and legerdemain.'"

There was a provision in the act requiring concerts to be licensed. The act came under consideration in State v. Bowers, 14 Ind. 195, and the court held that it was not unconstitutional as containing more than one subject, but held also that the provision requiring concerts to be licensed was void.

4.  The general rule is that if a statute is broader than its title, the part expressed in the title is valid, while the parts not indicated thereby are void. Unity v. Burrage, 103 U. S. 447–458, 26 L. Ed. 405; Richie v. People, 155 Ill. 98, 40 N. E. 454, 29 L. R. A. 79, 46 Am. St. Rep. 315; Fidelity Ins. Co. v. Shenandoah Valley R. Co., 86 Va. 1, 9 S. E. 759, 19 Am. St. Rep. 858; Shivers v. Newton, 45 N. J. Law, 469; People v. Briggs, 50 N. Y. 553; Harper v. State, 109 Ala. 28, 19 South. 857; Ritchie v. Richards, 14 Utah, 345, 47 Pac. 670; Wisner v. Monroe, 25 La. Ann. 598; Dorsey's Appeals, 72 Pa. 192; Cooley's Constitutional Limitations (7th ed.) p. 211.

True, some of the constitutions of the foregoing states have declared that this shall be the rule; but the declaration was unnecessary, as the general rule would have required the same declaration from the courts. Cooley's Constitutional Limitations (7th ed.) p. 211.

This rule was recognized by this court in State v. Trolson, 21 Nev. 419, 32 Pac. 930, in which it was said:

"It is a well-established rule of construction that if the act is broader than the title, that part of the act indicated by the title will stand, while that portion of the act not indicated by the title must be rejected."

We are of the opinion that that portion of the body of the act which designates territory outside of incorporated and unincorporated cities and town is severable from that part of the act expressed in the title, namely, unincorporated cities and town, and that the latter makes a complete and valid act, even though the former may be void as not coming within the purview of the title.

But we are not put to the necessity of determining whether the former portion is constitutional or not. The reason and the rule are well expressed in 6 R. C. L. 122:

"In view of the established custom of judicial tribunals of avoiding the determination of questions as to the constitutionality of statutes except when necessary in deciding litigated cases, the courts will decline as a rule to decide whether a particular provision of a statute is unconstitutional, when they are of the opinion that, if such provision is in fact involved, it may be severed from the remaining provisions of a statute, the validity of which alone is necessarily before the court."

See State v. Commissioners of Humboldt County, supra, to the same effect.

Relator has regularly applied for a county license to engage in the business of conducting a soft-drink establishment in an unincorporated town, and is entitled to receive such license.

Let the writ of mandate issue.