## No. 12,423.

PEOPLE EX REL. COLORADO BAR ASSOCIATION *v.* HUMBERT.

Decided November 12, 1929.  Rehearing denied November 12, 1929.

Mr. ROBERT E. WINBOURN, Attorney General, Mr. CHARLES ROACH, deputy, for petitioner.

Mr. GEORGE J. HUMBERT, pro se.

Mr. REES D. REES, for respondent.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

RESPONDENT, formerly an attorney of this court, was

disbarred May 20, 1920. 69 Colo. 188, 194 Pac. 612. For an alleged violation of the statute in such case made and provided the Attorney General files herein his information charging contempt. Respondent answers, and petitioner moves for judgment on the pleadings. The cause is now before us on that motion.

Section 6017, C. L. 1921, provides: "That any person who shall, without having a license from the supreme court of this state so to do, advertise, represent or hold himself out in any manner as an attorney, attorney at law, or counselor at law, * * * shall be deemed guilty of contempt of the supreme court of this state * * * and shall be punished therefor according to law."

It is doubtful if this adds anything to prior law. In the absence of statute it would seem clear that one who falsely represented himself as an officer of this court thereby committed a contempt of the court.

The admitted facts before us are: That respondent was a duly licensed attorney at law; that he was disbarred as above stated; that since said date he has had no license as provided by said statute; that for seven years last past his name and office address have appeared in each issue of the Denver directory, the Colorado directory, and the Denver telephone directory; that in the two former he was designated as "lawyer" and in the latter as "atty.," which was intended to and did mean, and was understood to mean, attorney at law; that in the classified list of each of said directories his name and office address also appeared under the heading "Lawyers"; that said directories have a wide general circulation; and that in April, 1922, petitioner wrote respondent calling attention to these facts, advising him that this was a violation of the statute, and warning him that a continuance of such "holding out" would result in an action in contempt. Respondent neither denies receipt of said letter nor knowledge of said advertisements. He does deny taking any affirmative action to bring about the latter, and says they were "doubtless * * * merely

but a continuance of what had appeared therein theretofore for a long period prior to his disbarment."

Respondent's answer states no defense. If these advertisements were inserted at his request the contempt would be too plain for discussion. *People v. Norton*, 44 Colo. 253-255, 104 Pac. 605. If others frequently and publicly represented respondent as a duly licensed attorney at law, and with knowledge thereof he remained silent, the contempt is as patent. These directories were making such representations daily and hourly, over a period of years, to thousands of people. It would be absurd to pretend that respondent had no knowledge thereof, or that he did not permit their continuance from ulterior motives. It requires no authority to support the contention that having once put in circulation such continuing advertisements, or having become cognizant of their circulation by others, he was, on disbarment, obliged to discontinue them. Were such authority necessary the Norton case, supra, is ample.

Final judgment on such a motion as the one now before us is not unusual in this court. *People v. Norton, supra; People v. Erbaugh*, 42 Colo. 480, 94 Pac. 349.

Respondent adds to his answer to petitioner's information a so-called "further answer and first affirmative defense" and this the Attorney General moves to strike. This "further answer" is largely made up of irrelevant and immaterial allegations, of conclusions and arguments. But because it contains certain material statements in the nature of admissions it will be permitted to stand.

The motion for judgment on the pleadings is sustained. We find respondent guilty of contempt of this court and it is hereby ordered that he be confined in the county jail of the City and County of Denver for a period of thirty days and that he pay the costs of this proceeding.