STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Carroll SAMARA, Respondent.

SCBD No. 2830.
OBAD No. 563.

Supreme Court of Oklahoma.

July 25, 1986.

Rehearing Denied Sept. 15, 1986.

12. We do not by this opinion address the issue of a social host's civil liability.

K. Lynn Anderson, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Gomer Smith, Jr., Smith & Murdock, William A. Berry, Oklahoma City, for respondent.

## MEMORANDUM OPINION

DOOLIN, Vice Chief Justice.

This is the second application of the respondent, Carroll Samara for reinstatement to practice law. See, *State ex rel. OBA v. Samara*, 683 P.2d 979 (Okl.1984).

Respondent was convicted on August 29, 1979 of a felony, making and subscribing a false tax return and attempting to evade and defeat income tax.[1] Under our Rule 7[2]—§ 7.1, et seq., the respondent was suspended from practice of law on September 24, 1979. As a result of the required show cause provision of § 7.3 of the rules the suspension was modified on October 9, 1979 and respondent was allowed to:

... continue his professional practice in all cases presently pending, where his name appears as attorney of record....

On October 28, 1980 respondent was completely and absolutely suspended from practice of law and the order of October 9, 1979 was withdrawn and vacated. Respondent commenced serving his sentence on the day following and on November 4, 1982 we entered our final order of discipline and the respondent was suspended from practice of law until October 27, 1984. The order of October 28, 1980 provided that in the event respondent be discharged by probation prior to October 27, 1984 and the proceedings in the Federal Court for the Western District of Oklahoma be terminated, the respondent may apply for reinstatement.

The respondent applied for reinstatement, and as set out in *State ex rel OBA v. Samara*,[3] supra, he was denied reinstatement on the ground that he had continued the practice of law during the period from October 9, 1979 to October 28, 1980.

Before going to the present application for reinstatement we deem it significant to point out that in the order of November 4, 1982 taking final disciplinary action against respondent that he was admonished to:

... comply with all rules and regulations regarding admissions and disciplinary proceedings. The respondent is particularly admonished not to practice law during his period of suspension.

Turning to the second application at hand.

Although the Trial Panel of the present Professional Responsibility Tribunal unanimously recommend reinstatement and finds the respondent, 1) possesses good moral character, 2) has not engaged in the practice of law, and 3) possesses competency and learning required for admission; we are unconvinced.

We quote from *State ex rel. OBA v. Samara*, supra, p. 983:

"An applicant for reinstatement must establish affirmatively that if re-admitted or if the suspension from practice is removed the appliacant's conduct will conform to the high standards required of a member of the bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof by clear and convincing evidence in all such reinstatment proceedings shall be on the applicant. An applicant seeking such rein-

---

1. Cause No. CR–79–150 (W.D. of Okl.), a violation of 26 U.S.C. § 7206(1) and § 7201.

2. 5 O.S.1981, Ch. 1, App. 1–A 7.

3. The opinion in *State ex rel. OBA v. Samara* catalogs and lists respondent's derelictions and examples of his continued practice of law. See, pp. 981–982 of that opinion.

statement will be required to present stronger proof of qualification than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant...."

■ This rule specifically provides that all circumstances surrounding the original disciplinary proceedings are relevant and proper inquiries in a reinstatement proceeding. The primary purpose of disciplinary proceedings is not punishment but purificatior of the Bar. Every licensed lawyer is presented to the public as to his professional integrity and expertise. *State ex rel. Okla. Bar Assn. v. Raskin*, 642 P.2d 262 (Okl.1982). The purpose of the proceeding and the inquiries made therein are broad; that is to allow the applicant to demonstrate that he is worthy of the honored mantle of an officer of this Court—an attorney of the State of Oklahoma. Respect for the rule of law is a singularly important trait in an attorney, for it is this profession upon which falls the weight social duty of fostering respect for the laws of society and the rule of law over men. The bases of an attorney's duties to this Court and society in general are broad and require the unfailing devotion of the practitioner in his profession. It is in this spirit that the rules for reinstatement specifically require a wide basis of inquiry. Our cases have consistently refused to allow the more technical rules of practice to fetter this broad inquiry. We have previously held that this Court desires the entire record of an attorney's professional conduct before the Court in a disciplinary action, thereby refusing to allow what was termed an arbitrary statute of limitations to circumscribe the investigation made in such disciplinary hearing. *State ex rel. Oklahoma Bar Assn. v. Warzyn*, 624 P.2d 1068 (1981). Similarly, warnings given an attorney during dismissal of a prior complaint have been held to be relevant upon investigation and adjudication of later complaints. *State ex rel. Okla. Bar Assn. v. Massad*, 334 P.2d 787 (Okl.1959).

Although the evidence in the record is contested and conflicting in part, we believe that it established the respondent had:

1. Listed himself in the yellow and white pages of the telephone book as an attorney while under final suspension.

2. Claimed attorney status or professional standing on Income Tax returns made to the I.R.S.

3. Advised one Holcomb in a domestic matter.

4. Engaged in much more than clerical work in his association with other licensed attorneys, including using letterhead bearing the notation of Carroll Samara Attorney at Law.

This Court under 5 O.S.1981, Ch. 1 App. 1–A, 6.15 may:

(a) ... approve the Trial Panel's findings of fact or make its own independent findings, impose discipline, dismiss the proceedings or take such other action as it deems appropriate.

The Supreme Court in Kansas in *State v. Schumacher*, 519 P.2d 1116 (1974)[4] observed and we so hold:

With reference to our category 4 in paragraph preceeding, particularly in reference to engaging in much more than clerical work while working for other licensed attorneys, see, *Crawford v. State Bar of Calif.*, 54 Cal.2d 659, 7 Cal.Rptr. 746, 355 P.2d 490 (1960); *In re Bodkin*, 21 Ill.2d 458, 173 N.E.2d 440 (1961).

*Schumacher* also points out that lack of intent to practice law by a suspended attorney is ordinarily no defense in a reinstatement matter. 17 CJS Contempt No. 42 summarizes the rule. *Schumacher* teaches us at page 1125:

It is also clear that some actions which may be taken with impropriety by persons who

---

**4.** In *Schumacher, supra*, that Court found that practicing law included among other things:

1. Use of letterheads with the suspended attorney's name thereon, after suspension,

2. Listing of suspended attorney's name in telephone directories.

3. Consulting with parties to a lawsuit. See also, *State ex rel. Patton, Atty. Gen v. Marron*, 22 N.M. 632, 167 P. 9 (1917); *In re Phillips*, 64 Mont. 492, 210 P. 89 (Mont.1922); *People v. Humbert*, 86 Colo. 426, 282 P. 263 (Colo.1929); *State ex rel. Nebraska State Bar v. Butterfield*, 172 Neb. 645, 111 N.W.2d 543 (1961); *In re Hawkins*, 81 Wash.2d 504, 503 P.2d 95 (1972).

"Where an attorney under suspension continues to practice just as before, with the sole exception of making any formal appearance in court, such conduct when added to that leading to his original suspension requires that he be indefinitely suspended."

Likewise our review of a Trial Panel's report is not limited to weighing of the evidence or sustaining on basis of substantial evidence from a record, for 5 O.S.1981, Ch. 1, App. 1–A, § 11.6 provides this Court "... may take such action as it deems appropriate based upon the record and the Trial Panel's report...."

In *State ex rel OBA v. Samara*, supra, we held:

> In reinstatement proceedings the Supreme Court does not function as a reviewing tribunal but as a licensing court exercising its exclusive original jurisdiction. *State ex rel OBA v. Raskin*, supra.
>
> . . . . .
>
> Recommendations made by the Trial Panel in reinstatement proceedings are advisory in character, for the ultimate decision rests with the Supreme Court.

We find it unnecessary to prolong or consider other points raised by the respondent for we find he has continued to practice law since his original suspension in October of 1979.

REINSTATEMENT DENIED.

SIMMS, C.J., HARGRAVE and KAUGER, JJ., and MEANS and REIF, Special Judges, concur.

HODGES, LAVENDER and SUMMERS, JJ., dissent.

[MEANS and REIF, Special Judges, appointed in place of OPALA and WILSON, JJ., who disqualified.]

have never been admitted to the practice of law, will be found to be in contempt if undertaken by a *suspended* attorney, [emphasis ours].