In the Matter of the REINSTATEMENT OF Rolla Jay COOK to Membership in the Oklahoma Bar Association and to the Roll of Attorneys.

No. 3538.

Supreme Court of Oklahoma.

April 25, 1989.

---

Derryberry, Quigley, Parrish & Gooding by Larry D. Derryberry, Oklahoma City, for applicant.

Alan B. Foster, Asst. Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for Oklahoma Bar Ass'n.

HODGES, Justice.

Applicant, Rolla Jay Cook, seeks favorable review by this Court of his Petition for Reinstatement in the Oklahoma Bar Association pursuant to Rule 11 of the Rules Governing Disciplinary Proceedings, Okla. Stat. tit. 5, chap. 1, app. 1–A (1981). Upon consideration of the application for reinstatement, we have received and reviewed the unanimous recommendation of the Professional Responsibility Tribunal and find the requirements for reinstatement have been met and that applicant should be reinstated.

On December 27, 1978, applicant was suspended from the practice of law. He was disbarred on April 12, 1983, *see State ex rel. Oklahoma Bar Association v. Cook,* 661 P.2d 531 (Okla.1983), after his conviction was affirmed by the Court of Criminal Appeals on charges of embezzlement and false account by a public officer. *See Cook v. State,* 650 P.2d 863 (Okla.Crim. 1982). Applicant received a five-year suspended sentence and paid a $500 fine. The charges resulted from acts committed while applicant was a special judge in Muskogee County.

■ Rule 11.4 of the Rules Governing Disciplinary Proceedings require:

An applicant for reinstatement must establish affirmatively that, if readmitted, ... the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement.... The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded.

Reinstatement is not automatic on a prima facie showing that applicant's conduct has been proper during the period of disbarment, even if there is no evidence to the contrary. *In re Sharpe,* 499 P.2d 406, 409 (Okla.1972). "Reinstatement shall be difficult rather than easy and the burden of proof in all reinstatement proceedings shall be on the applicant." *Id.* Against this standard, applicant's present moral character must be evaluated.

■ During the period between December, 1978, and February 1983, applicant had no contact with the legal profession. He supported his family through strenuous physical labor including cutting firewood, baling hay and working in the coal industry. He did not anticipate ever again being a lawyer. Then, in 1983, a senior partner in a Muskogee law firm approached him about working as a legal assistant. Applicant accepted the position and continues to work there writing briefs, organizing files and developing their computer system.

As the Professional Responsibility Tribunal observed:

It would be hard to imagine a better case for re-admission than the one presented by this record and at this hearing. The record shows a hard fall from a lofty perch; a beginning again in meager and humbling circumstances; and a slow, steady, sure struggle for re-establishment.

This conclusion echoes the views of the judges and practitioners who testified to applicant's moral fitness and legal skills. Exhibits introduced without objection at the hearing included a favorable letter from the district attorney who prosecuted applicant's criminal case and a unanimous resolution supporting applicant's reinstatement from 42 members present at a Muskogee County Bar Association meeting.

The Tribunal's observation was based on evidence of the exemplary personal and professional life applicant has led for the

last decade. After disbarment, he stayed in the Muskogee area and did what he had to do to make a living. During this time, he kept together his family which includes three children, one of whom is a 19 year-old daughter requiring special education, and his wife of twenty-four years.

Applicant's demeanor at the reinstatement hearing was described as "subdued, humble, candid and good natured." The Tribunal was convinced that he was genuinely contrite and remorseful. The evidence presented an example of rehabilitation that would be the envy of any corrections system. The Tribunal unanimously found that applicant possessed good moral character, that there was no evidence of unauthorized practice of law, and that because applicant had continued to study and remain informed of current developments in the law, he is competent to practice and need not take the bar exam.

Applicant's betrayal of the office of judge and his betrayal of the legal profession demanded disbarment. Yet, applicant has demonstrated that he now possesses the character and competence necessary for reinstatement to the practice of law. Therefore, Rolla Jay Cook is hereby reinstated to the practice of law in the State of Oklahoma, having paid costs.

PETITION GRANTED.

HARGRAVE, C.J., OPALA, V.C.J., and LAVENDER, DOOLIN, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.