**In the Matter of the REINSTATEMENT OF Jack Rogers BARD, Jr., to membership in the Oklahoma Bar Association and the Roll of Attorneys.**

**SCBD No. 3756.**

Supreme Court of Oklahoma.

July 14, 1992.

## ORDER DENYING REINSTATEMENT

Jack Rogers Bard, Jr. has filed a petition for reinstatement to membership in the Oklahoma Bar Association and to the roll of attorneys. Bard was stricken from the roll of attorneys by his resignation on March 9, 1990. At the time of his resignation, Bard was suspended from the Oklahoma Bar Association for nonpayment of dues and for failure to comply with mandatory continuing legal education requirements.

Bard had been previously suspended by this Court from the practice of law for four (4) months, commencing in May, 1985. The basis of that suspension was Bard's having caused a felony warrant to issue when he was aware that no felony had occurred. Bard was suspended from practice on July 5, 1989 for failure to pay 1989 bar dues, and was suspended September 18, 1989 for failure to comply with mandatory continuing legal education requirements for 1988.

A full hearing was held before the Professional Responsibility Tribunal on October 16, 1991, at which three of Bard's former clients, one of whom had filed a grievance with the Bar Association, testified in opposition to his being readmitted. After hearing this testimony and after Bard's having offered evidence in support of his petition for reinstatement, the Professional Responsibility Tribunal found that Bard had not met his burden of proof by clear and convincing evidence that he possessed all of the necessary requirements for reinstatement set out in Rule 11.5, Rules Governing Disciplinary Proceedings.

The Professional Responsibility Tribunal's Report of Special Findings and Recommendations to this Court recommended that Bard not be reinstated to the practice of law at this time, and that the denial of reinstatement be made effective as of the date Bard's application for reinstatement was filed. Bard filed a Response in which he accepted the findings and recommendation of the Professional Responsibility Tribunal and requested that the findings and recommendations of the Professional Responsibility Tribunal be adopted by this Court. The petitioner did not file a brief in this Court.

The Oklahoma Bar Association's brief in this Court accepts the recommendation of the Professional Responsibility Tribunal that Bard not be reinstated at this time, but asks that the denial of reinstatement be made effective as of the date the order is entered.

After a review of the entire record and testimony taken, we find nothing to contradict the Trial Panel's findings and agree with all parties that petitioner should not be reinstated at this time. We accept the agreed findings and recommendations of the Professional Responsibility Tribunal that petitioner has not met his burden of proof by clear and convincing evidence that he possesses the necessary requirements for readmission. Rule 11.4, Rules Governing Disciplinary Proceedings, provides:

"An applicant for reinstatement must establish affirmatively that, if readmitted ... the applicant's conduct will conform to the high standards required of a member of the Bar ... The burden of proof,

by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant ..."

The denial of petitioner's petition for reinstatement is made effective as of the date of this Order. Rule 11.1(e), Rules Governing Disciplinary Proceedings, provides that an applicant for reinstatement shall not be permitted to file an application for reinstatement within one (1) year after the Supreme Court has denied an earlier application.

The Oklahoma Bar Association has filed an application to assess costs for costs advanced in the sum of $1,844.11. Petitioner is ordered to pay said costs in the sum of $1,844.11, within ninety (90) days of the date of this Order.

OPALA, C.J., and SIMMS, HARGRAVE, SUMMERS and WATT, JJ., concur.

KAUGER, J. concurs in part and dissents in part by separate opinion.

LAVENDER and ALMA WILSON, JJ., join.

KAUGER, Justice, with whom LAVENDER and ALMA WILSON, Justices, join, concurring in part and dissenting in part:

I agree with the majority that the applicant, Jack Rogers Bard, Jr. (attorney/Bard) has not shown by clear and convincing evidence his fitness for reinstatement to the practice of law.[1] Rule 11.1(e), Rules Governing Disciplinary Proceedings, 5 O.S. 1991, Ch. 1, App. 1–A [2] providing that an applicant may not file an application for reinstatement within one year of this Court's order denying an earlier application for reinstatement results in disparate treatment of applicants. Therefore, I dissent from that portion of the majority opinion holding that the denial of the attorney's petition for reinstatement is effective as of the date of the Court's order.

The Okla. Const. art. 5, § 51 [3] preserves equality between citizens who are similarly situated.[4] All attorneys seeking reinstatement are similarly situated—each applicant seeks readmission to his/her profession. Under Rule 1.11(e), each applicant, previously turned down for readmission, is left to rely upon the speed with which the wheels of justice turn to determine the date upon which a reapplication may be made. A time table which relies upon the date of an order entered by this Court results in disparate treatment among applicants. Because of the workload of the Court or the Bar Association, some applicants may receive immediate review of an application for reinstatement while others, like the attorney here, may not benefit from a ruling of this Court for a year after their applica-

1. Rule 11.4, Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A provides in pertinent part:

"An applicant for reinstatement must establish affirmatively that, if readmitted or if the suspension from practice is removed, the applicant's conduct will conform to the high standards required of a member of the Bar. The severity of the original offense and the circumstances surrounding it shall be considered in evaluating an application for reinstatement. The burden of proof, by clear and convincing evidence, in all such reinstatement proceedings shall be on the applicant. An applicant seeking such reinstatement will be required to present stronger proof of qualifications than one seeking admission for the first time. The proof presented must be sufficient to overcome the Supreme Court's former judgment adverse to the applicant. Feelings of sympathy toward the applicant must be disregarded...."

2. Rule 11.1(e), Rules Governing Disciplinary Proceedings, 5 O.S.1991, Ch. 1, App. 1–A provides:

"The applicant shall not be permitted to file an application for reinstatement, after disbarment or resignation pending investigation or disciplinary proceedings, within five (5) years of the effective date of the order of the Court disbarring the applicant or accepting the resignation, nor shall any applicant be permitted to file an application for reinstatement within one (1) year after the Supreme Court has denied an earlier application."

3. The Okla. Const. art. 5, § 51 provides:

"The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this State."

4. *Kimery v. Public Serv. Co.,* 622 P.2d 1066, 1071 (Okla.1980).

tion for reinstatement is filed.[5]

In reinstatement proceedings, this Court functions as a licensing court exercising its original jurisdiction. Recommendations made by the trial panel are advisory in nature.[6] Here, the trial panel recognized the possibility for disparity. Its recommendation that the attorney's time for filing a second application for reinstatement run from the date he filed the original application for reinstatement should be followed. I would amend Rule 1.11(e) to reflect the opinion I express today.

---

**5.** Here, the attorney filed for reinstatement on May 31, 1991.

**6.** *State ex rel. Oklahoma Bar Ass'n v. Samara,* 683 P.2d 979, 984 (Okla.1984).