2016 OK 68

**In the MATTER OF the REINSTATEMENT OF Harold Glenn DRAIN, To Membership in the Oklahoma Bar Association and to the Roll of Attorneys**

**SCBD 6271**

Supreme Court of Oklahoma.

FILED JUNE 14, 2016

Harold Glenn Drain, Pro Se, Oklahoma City, Oklahoma for Petitioner.

Gina Hendrix, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma for Respondent.

COLBERT, J.

¶ 1 Harold Glenn Drain (Petitioner) seeks reinstatement of his membership to the Oklahoma Bar Association (OBA) and the Roll of Attorneys after resigning from the practice of law ten (10) years ago. The principle question before this Court is whether Petitioner has presented clear and convincing evidence that he possesses the competency and learning in the law sufficient for reinstatement. After reviewing the matter de novo, this Court holds Petitioner has failed to demonstrate the requisite competency and learning in the law required for readmission.

FACTS

¶ 2 Petitioner was admitted to the Oklahoma Bar Association in 1999 following graduation from the University of Tulsa College of Law and successful completion of the Oklahoma Bar Exam that same year. Thereafter, Petitioner served as a term law clerk for the United States Bankruptcy Court for the Western District of Oklahoma from 1999–2000. From 2000 to 2006, Petitioner worked as an associate at a law firm, served as "Of Counsel" in a subsequent law firm, and ultimately established a private law practice.

¶ 3 Due to personal family reasons, Petitioner voluntarily tendered his resignation from the practice of law to the OBA on June 16, 2006. The OBA approved Petitioner's resignation effective July 6, 2006, pursuant to Article II, Section 3 of the Rules Creating and Controlling the Oklahoma Bar Association.[1] At the time of Petitioner's resignation, no disciplinary proceedings or grievances were pending against him. However, Petitioner was administratively suspended for failing to pay $100.00 in CLE late fees prior

1. Resignation of Member:
(a) Any member may resign his membership in the Association by filing with the Executive Director a written resignation, whereupon he shall automatically cease to be a member and shall not thereafter be entitled to the privileges and advantages of membership in the Association. The Executive Director shall publicize the fact of resignation and shall cause a record thereof to be made in the records of the Association and of the Clerk of the Supreme Court.
(b) Any member who resigns shall remain subject to the Supreme Court's disciplinary jurisdiction and procedures for any misconduct committed while a member of the Oklahoma Bar Association. If, at the time of resignation, disciplinary proceedings or investigations which result in disciplinary proceedings are pending against the resigning member, the files and records thereof together with evidence later obtained, shall be impounded by the Board of Governors and shall be considered in connection with any subsequent application for reinstatement or with subsequent disciplinary action against him.
A member who resigns pending disciplinary proceedings or pending investigation which might result in disciplinary proceedings must do so upon a form prescribed by the General Counsel, approved by the Chief Justice, so drawn as to elicit acknowledgment that the resignation is submitted pending disciplinary proceedings or investigation of charges, specifying particularly the misconduct alleged; that the resignation is voluntary and with knowledge of its consequences; that the member agrees that he may be reinstated only upon full compliance with the condition and procedure prescribed by these rules; and that no application for reinstatement may be filed prior to the lapse of five (5) years from the date of resignation.
Art. II, § 3, Rules Creating and Controlling the Oklahoma Bar Association, Okla. Stat. tit. 5, ch. 1, app. 1.

to the effective date of Petitioner's resignation.

¶ 4 Following resignation, Petitioner was employed in various positions. From August 2006 to July 2009, he worked in management for a Rent–to–Own business which later merged with Rent–A–Center and Petitioner moved to Texas. In 2009, Petitioner accepted a paralegal position with a law firm where he remained until February 2011.

¶ 5 While working as a paralegal, Petitioner accepted a part-time adjunct position teaching paralegal training courses at an American Bar Association-approved program for Kaplan College in Dallas, Texas. In February 2011, Petitioner became Kaplan's Program Director of Paralegal Studies. That position included teaching responsibilities, curriculum development, and some legal research.

¶ 6 In early 2014, Petitioner returned to Oklahoma City and worked as an adjunct instructor with the paralegal program at Brown Mackie College and later became the Director of Paralegal Studies at Vatterott College. To date, Petitioner continues to serve as the Director at Vatterott College and also works for a local attorney performing legal research and other law clerk duties.

¶ 7 On May 29, 2015, Petitioner filed this Petition for Reinstatement. A panel of the Professional Responsibility Tribunal (PRT) heard the matter on August 14, 2015, and issued its report on November 25, 2015, pursuant to Rule 11.5 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch. 1, app. 1–A. In it, the PRT unanimously determined that Petitioner's reinstatement was warranted. In so doing, the PRT found that Petitioner had complied with all procedural rules governing the reinstatement of attorneys. In addition, the PRT found that Petitioner had established by clear and convincing evidence that he had not engaged in the unauthorized practice of law and has demonstrated his competence in the learning of the law required for readmission. Petitioner filed a brief in support of his reinstatement on May 29, 2015. The OBA filed its Waiver of Answer Brief on December 17, 2015.

## STANDARD OF REVIEW

¶ 8 This Court exercises exclusive jurisdiction when it considers a petition for reinstatement and applies a de novo standard of review. In re Reinstatement of Blevins, 2002 OK 78, ¶ 3, 59 P.3d 510, 511. To assist in this Court's determination, the PRT is charged with, among other things, assessing an applicant's moral character, competency in the law, and whether the applicant engaged in the unauthorized practice of law during the applicant's period of suspension, disbarment, or resignation. Id. See also Rule 11.5, RGDP. However, those recommendations are merely advisory as it is this Court's "ultimate responsibility" to decide whether reinstatement is warranted. Id.

¶ 9 Rule 11, RGDP, governs reinstatement proceedings for an applicant "whose name has been stricken from the Roll of Attorneys for non-payment of dues, or who has been suspended from the practice of law for a period of longer than two (2) years or disbarred, or who has resigned membership in the Association." Rule 11.1, RGDP. The burden for reinstatement is more onerous than one seeking admission to the OBA for the first time, regardless of how the applicant's licence was terminated. See Rule 11.4, RGDP. The applicant must demonstrate by clear and convincing evidence that reinstatement is warranted and that the applicant's conduct conforms to the high standards required by the Oklahoma Bar Association. Id.; See also, In re Reinstatement of Munson, 2010 OK 27, ¶ 12, 236 P.3d at 101.

¶ 10 In addition to the Rule 11.4 reinstatement requirements, this Court also considers the following eight factors:

(1) the applicant's present moral fitness; (2) demonstrated consciousness of the conduct's wrongfulness and the disrepute it has brought upon the legal profession; (3) the extent of rehabilitation; (4) the original misconduct's seriousness; (5) conduct after resignation; (6) time elapsed since the resignation; (7) the applicant's character, maturity, and experience when [he resigned]; and (8) present legal competence.

In re Reinstatement of Munson, 2010 OK 27, ¶ 13, 236 P.3d 96, 101. (Emphasis added).

■ ¶ 11 Upon a de novo review of the evidence presented at the PRT hearing, this Court determines that the PRT's findings as to all factors relevant to reinstatement are meritorious, excluding Petitioner's competency in the law. Notably, the record is devoid of any evidence that Petitioner has satisfied the requisite mandatory continuing legal education requirements imposed upon Oklahoma practitioners. And, based on Petitioner's extended absence from the practice of law, Petitioner must now retake the Oklahoma Bar Examination as a prerequisite for readmission.

## COMPETENCY AND LEARNING IN THE LAW

■ ¶ 12 Rule 11.5(c), RGDP, requires an applicant "to take and successfully pass the regular examination given by the Board of Bar Examiners of the Oklahoma Bar Association" if the applicant's membership has been inactive for a period of five (5) years or longer. See In re Reinstatement of Farrant, 2004 OK 77, ¶ 6, 104 P.3d 567, 568. In essence, there is a presumption that an applicant does not "possess sufficient competency in the law to be reinstated, absent an extraordinary showing...." Id., ¶ 7, 104 P.3d at 569. An absence from the practice of law for five years or more weighs heavily against an affirmative finding that the applicant has maintained competency. See In re Reinstatement of Essman, 1987 OK 102, 749 P.2d 103. Unfortunately, Petitioner here, has failed to meet that exacting standard.

¶ 13 In the ten (10) years since Petitioner's resignation, Petitioner has earned his living working in various employment positions. Relying heavily on his work as an instructor, director, and current paralegal, Petitioner advances those law-related duties as evidence of his competency in the law. While the valuable education Petitioner's students receive is related to the law, teaching paralegal courses to non-attorneys and working as a paralegal does not rise to the level of training and competency expected of Oklahoma practitioners. Similarly, Petitioner's additional evidence of competency—namely, that he regularly reads the Oklahoma Bar Journal, other legal publications, and has taken four hours of CLE (including one hour of legal ethics)—falls short of this Court's exacting standard. Oklahoma practitioners are required to take twelve hours of continuing legal education, including one hour of ethics, every year. See Rule 3, Rules for Mandatory Continuing Legal Education, Okla. Stat. tit. 5, ch. 1, app. 1–B. Yet, to date, Petitioner has only completed four hours since his resignation in 2006. Simply put, Petitioner's extended absence coupled with his failure to maintain competency in the law through OBA approved CLE courses weighs heavily against an affirmative finding in favor of Petitioner's competency.

## CONCLUSION

■ ¶ 14 It is this Court's duty to safeguard the public by ensuring that applicants for reinstatement meet the qualifications necessary for the practice of law. In re Reinstatement of Thompson 1993 OK 152, ¶ 22, 864 P.2d 823, 827. Petitioner has failed to demonstrate his competency and learning in the law by clear and convincing evidence. In order for Petitioner to demonstrate his competency and learning in the law, Petitioner must retake and successfully pass the Oklahoma Bar Examination. Therefore, Petitioner, Harold Glenn Drain's application for reinstatement is granted contingent upon successful completion of the Oklahoma Bar Examination.

¶ 15 The OBA has filed an unopposed application to assess costs in the amount of $175.75. Petitioner is directed to pay the costs of this proceeding in the sum of $175.75 within ninety (90) days from the date this opinion becomes final.

PETITION FOR REINSTATEMENT IS GRANTED CONDITIONED UPON PETITIONER'S SUCCESSFUL COMPLETION OF THE OKLAHOMA BAR EXAMINATION; COSTS ASSESSED IN THE AMOUNT OF $175.75.

CONCUR: Reif, CJ, Combs, VCJ, Edmondson, Taylor, Colbert, and Gurich, JJ.

CONCUR IN PART DISSENT IN PART: Watt, J.

DISSENT: Kauger and Winchester, JJ.

Kauger, J. with whom Winchester, J. joins; I would follow the recommendation of the PRT and the OBA and reinstate the petitioner.