OSCN Found Document:IN THE MATTER OF THE REINSTATEMENT OF CONRADY

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 IN THE MATTER OF THE REINSTATEMENT OF CONRADY
2017 OK 29
Case Number: SCBD-6413
Decided: 04/11/2017
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2017 OK 29, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

IN THE MATTER OF THE REINSTATEMENT OF JAMES ALBERT CONRADY TO MEMBERSHIP IN THE OKLAHOMA BAR ASSOCIATION AND TO THE ROLL OF ATTORNEYS.

ORIGINAL PROCEEDING FOR LAWYER REINSTATEMENT

Lawyer suspended by prior order of this Court seeks reinstatement of his license to practice law. Trial panel of the Professional Responsibility Tribunal recommended that the petition for reinstatement be granted. We hold the evidence is sufficient to support the petition for reinstatement.

PETITION FOR REINSTATEMENT GRANTED; APPLICATION FOR COSTS
GRANTED; PETITIONER ORDERED TO PAY MEMBERSHIP DUES
FOR CURRENT YEAR; AND COMPLETE A CURRENT ANNUAL
MANDATORY CONTINUING LEGAL EDUCATION REQUIREMENT 

Dan Murdock, Oklahoma City, Oklahoma for Petitioner
Tommy Humphries, Asst. Gen. Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Respondent.

Edmondson, J.

¶1 This proceeding was brought for the purpose of reinstating a lawyer's suspended license to practice law. We conclude the evidence is sufficient to support reinstatement.

¶2 Petitioner's license to practice law was suspended for two years and one day by this Court in April 2012. State ex rel. Oklahoma Bar Ass'n v. Conrady, 2012 OK 29, 275 P.3d 133. Conrady violated the Oklahoma Rules of Professional Conduct (O.R.P.C.), Rule 8.4,[1] and the Rules Governing Disciplinary Proceedings (R.G.D.P.), Rule 1.3.[2] Petitioner's professional discipline arose from six criminal acts he committed while in an intoxicated and "emotionally charged" state. Conrady, 2012 OK 29, at ¶¶ 3-4. The trial judge issued an order deferring sentencing on all six counts, with the probationary periods on each to run concurrently over a period of five years. Conrady was also required to pay court costs and restitution to both of his victims. Id. 2012 OK 29 at ¶ 4.

¶3 A report from the Professional Responsibility Tribunal is required to include specific determinations whether: 1) the petitioner possesses the good moral character which would entitle him to be admitted to the Bar Association; 2) the petitioner has not engaged in the unauthorized practice of law during the period of suspension; and 3) the petitioner possesses the competency and learning required for admission to the practice of law.[3] The trial panel unanimously recommended that petitioner be reinstated. The panel recommended that petitioner complete the required number of mandatory continuing legal education course, pay current membership dues for the calendar year reinstatement is granted, and pay the fees and expenses of the reinstatement proceeding. The Bar Association waived filing a brief in opposition to reinstatement.

¶4 The trial panel's recommendation is merely advisory.[4] In reinstatement proceedings the court exercises exclusive original jurisdiction and independently reviews the evidence submitted to the trial panel.[5] An applicant for reinstatement must establish affirmatively that, if readmitted or if the suspension from practice is removed, the applicant's conduct will conform to the high standards required of a member of the Bar.[6] An attorney seeking reinstatement "bears the heavy burden of showing, by clear and convincing evidence, that reinstatement is warranted."[7]

 

¶5 Each case for reinstatement is reviewed on its own merits, and a case will fail or succeed on the evidence presented and the circumstances peculiar to that case.[8] The Court has explained it reviews the evidence of the trial panel and makes determinations of eight factors. They are: (1) applicant's present moral fitness, (2) demonstrated consciousness of the conduct's wrongfulness and the disrepute it has brought upon the legal profession, (3) the extent of rehabilitation, (4) the original misconduct's seriousness, (5) conduct after resignation, (6) time elapsed since the resignation, (7) applicant's character, maturity and experience when he resigned, and (8) present legal competence.[9] The Court makes a determination based upon its duty of safeguarding the interests of the public, the courts and the legal profession.[10] The court balances the interest of the applicant against the fact that the very nature of the profession places an attorney in a position where an unprincipled person may do tremendous harm to the public and to the attorney's clients.[11]

 

¶6 Two Oklahoma lawyers who are not Conrady's employer provided the Bar Association with statements on his present moral fitness and stated that he would "be honorable and reputable to his profession" and he is "ethical and competent." One witness commented that Conrady was remorseful for his actions. A statement was made by another lawyer who had appeared as co-counsel with Conrady's employer in litigation which occurred during Conrady's suspension. The statement is that in a phone conversation Conrady had "carefully explained" his suspension, his role as a paralegal in that litigation and that he was no longer licensed to practice law. Conrady took "full responsibility for his actions" in this conversation.

¶7 In 2016, the trial court found that Conrady had satisfactorily discharged his court-imposed responsibilities relating to his criminal charges. That court expunged his plea from the record, and dismissed charges against Conrady with prejudice to further action. His original misconduct is extremely serious and could have resulted in a tragic personal injury or loss of life, and such was averted due to the fortuitous circumstance of the two victims being absent from the scene of the event.

¶8 Conrady's conduct after imposition of discipline shows he obtained regular professional medical behavioral treatment with a professional witness stating Conrady's "complete success" with this treatment. The professional discipline of a suspension for two years and one day was imposed in 2012, and five years have elapsed since discipline was imposed. Prior to his discipline he had been a licensed attorney in Oklahoma since 1976 without prior professional discipline and without a criminal offense. He self-reported the criminal conduct, cooperated with the Bar Association, and the Department of Corrections recommended a supervised probation and personal therapy while also noting he took responsibility for his actions.

¶9 A lawyer practicing in Oklahoma has employed Conrady for paralegal services since his suspension. This lawyer described Conrady's research and writing skills, the nature of legal issues he has researched, and his quality of work. The lawyer offered to provide examples of Conrady's research and writing during his suspension to the Bar Association for its review. Conrady has attended MCLE courses during his suspension. The record shows he filed in 2012 his Rule 9.1 affidavit of compliance. The record shows Conrady paid to the Bar Association the Court-imposed costs of his disciplinary proceeding. Conrady filed affidavits from various court clerks showing he did not practice law in those courts during his suspension.

¶10 Since imposition of discipline Conrady has had no criminal charges or convictions of any kind, and there is no evidence of the unauthorized practice of law. Upon consideration, we conclude that Conrady has met the heavy burden of proving that reinstatement is warranted in this case. Conrady's Petition for Reinstatement is granted with the following four conditions.

¶11 The Bar Association filed a statement indicating Conrady is exempt from completing the mandatory continuing legal education requirements for 2017 due to his age. First, we agree with the Professional Responsibility Tribunal that Conrady should complete twelve hours of continuing legal education including one hour of professional ethics as a condition for reinstatement. Secondly, Conrady must pay his annual Bar Association dues for 2017 as a condition for reinstatement. The Bar Association filed an application to assess costs in the amount of ninety-five dollars and 44 cents ($95.44) it advanced in this proceeding which have not been reimbursed by Conrady. The Bar Association's application to assess costs in the amount of $95.44 is granted. Thirdly, Conrady shall pay the costs of $95.44 within thirty days of the date of this opinion.

¶12 The fourth condition is Conrady shall file in this proceeding an affidavit, with service of a copy on the Bar Association, stating (1) he has completed twelve hours, with one hour of ethics, of mandatory continuing legal education, (2) he has paid his 2017 Bar Association dues, and (3) he has timely paid the costs awarded in the proceeding. Upon filing of this required affidavit stating satisfaction of these requirements his petition for reinstatement as a member of the Oklahoma Bar Association is granted and his name may be added to the Roll of Attorneys.

¶13 KAUGER, WATT, WINCHESTER, EDMONDSON, COLBERT, and WYRICK, JJ., concur.

¶14 GURICH, V.C.J., dissent.

¶15 REIF, J., disqualified.

¶16 COMBS, C.J., not voting.

FOOTNOTES

[1] 5 O.S.2011, Ch. 1, App. 3-A, Oklahoma Rules of Professional Conduct, Rule 8.4 (b): "It is professional misconduct for a lawyer to: . . . (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects...."

[2] 5 O.S.2011 Ch. 1, App. 1-A, Rules Governing Disciplinary Proceedings, Rule 1.3, Discipline for acts contrary to prescribed standards of conduct.

The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

[3] In the Matter of Reinstatement of Wagnon, 2016 OK 66, ¶ 9, 373 P.3d 1013, 1016.

[4] In the Matter of Reinstatement of Pearson, 2000 OK 61, ¶ 2, 9 P.3d 692, 693; Matter of Reinstatement of Floyd, 1989 OK 83, 775 P.2d 815, 816; State ex rel. Oklahoma Bar Association v. Samara, 1986 OK 55, 725 P.2d 306, 309; Oklahoma Bar Association v. Samara, 1984 OK 32, 683 P.2d 979, 984.

[5] In the Matter of Reinstatement of Kirk, 1990 OK 122, 804 P.2d 443, 445; Matter of Clifton, 1990 OK 15, 787 P.2d 862, 863; Matter of Reinstatement of Floyd, 1989 OK 83, 775 P.2d 815, 816.

[6] In the Matter of Reinstatement of Wagnon, 2016 OK 66, ¶ 11, 373 P.3d 1013, 1016, quoting 5 O.S.2011 Ch. 1, App. 1-A, Rule 11.4, Rules Governing Disciplinary Proceedings.

[7] In re Reinstatement of Page, 2004 OK 49, ¶ 2, 94 P.3d 80, 81. See also In the Matter of Reinstatement of Cook, 1989 OK 64, 772 P.2d 918, 919 (The burden of proof in all reinstatement hearings is upon the applicant.).

[8] In the Matter of Reinstatement of Cantrell, 1989 OK 165, 785 P.2d 312, 314.

[9] In re Reinstatement of Page, 2004 OK 49, ¶ 2, 94 P.3d 80, 81. See also In the Matter of Reinstatement of Drain, 2016 OK 68, ¶ 10, 376 P.3d 208, 210-211; In the Matter of Clifton, 1990 OK 15, 787 P.2d 862, 863. In the Matter of Kamins, 1988 OK 32, 752 P.2d 1125, 1130.

[10] In the Matter of Reinstatement of Kamins, 1988 OK 32, 752 P.2d 1125, 1130.

[11] In the Matter of Reinstatement of Kamins, 1988 OK 32, 752 P.2d at 1130.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1986 OK 55, 725 P.2d 306, State ex rel., Oklahoma Bar Ass'n v. Samara
Discussed
 1988 OK 32, 752 P.2d 1125, Reinstatement of Kamins, Matter of
Discussed at Length
 1989 OK 64, 772 P.2d 918, Reinstatement of Cook, Matter of
Discussed
 1989 OK 83, 775 P.2d 815, Reinstatement of Floyd, Matter of
Discussed at Length
 1989 OK 165, 785 P.2d 312, Reinstatement of Cantrell, Matter of
Discussed
 1990 OK 15, 787 P.2d 862, In the Matter of the Reinstatement of Clifton
Discussed at Length
 1990 OK 122, 804 P.2d 443, Reinstatement of Kirk, Matter of
Discussed
 2004 OK 49, 94 P.3d 80, IN THE MATTER OF THE REINSTATEMENT OF PAGE
Discussed at Length
 2012 OK 29, 275 P.3d 133, STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CONRADY
Discussed at Length
 2016 OK 66, 373 P.3d 1013, IN THE MATTER OF THE REINSTATEMENT OF WAGNON
Discussed at Length
 2016 OK 68, 376 P.3d 208, IN THE MATTER OF THE REINSTATEMENT OF DRAIN
Discussed
 2000 OK 61, 9 P.3d 692, 71 OBJ 1913, In Re PEARSON
Discussed
 1984 OK 32, 683 P.2d 979, State ex rel. Oklahoma Bar Ass'n v. Samara
Discussed